IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Edward Williams, #283356, ) | |
| ) | Civil Action No. 3:05-3082-GRA-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Tim Riley, Warden, and ) | **REPORT AND RECOMMENDATION** |
| Henry McMaster, Attorney ) | |
| General for South Carolina, ) | |
| ) | |
| Respondents. ) | |

Petitioner, Michael Edward Williams ("Williams"), is an inmate at the South Carolina Department of Corrections serving a sentence of twenty years imprisonment, suspended to service of ten years with five years probation for criminal sexual conduct with a minor. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 25, 2005.[1] The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on January 18, 2006. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on January 23, 2006, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on February 23, 2006.

---

[1] This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed November 30, 2005.

### Procedural History

Williams pled guilty and was sentenced on April 15, 2002 in Greenville County. He was represented by Kim R. Varner, Esquire. No direct appeal was filed.

Williams filed an application for post-conviction relief ("PCR") on February 3, 2003, alleging that Varner had provided him ineffective assistance of counsel by telling him he would receive a probationary sentence if he pled guilty. An evidentiary hearing was held on October 22, 2003, at which Williams appeared, was represented by counsel, and testified. The PCR court issued a written order of dismissal on November 24, 2003. A Johnson[2] petition for writ of certiorari was filed on Williams' behalf by the South Carolina Office of Appellate Defense asserting that his guilty plea was involuntary because it did not comply with the holding of Boykin v. Alabama, 395 U.S. 238 (1969). Pursuant to state procedure, Williams filed a pro se brief raising the following questions.

> 1. Whether Counsel was ineffectife [sic] for inducing Petitioner to plead guilty on the appearance that he would receive probation?
> 2. Whether the trial Court lacked subject matter jurisdiction to try, convict and sentence defendant?
> 3. Whether the PCR Court, PCR Counsel and Appellate Counsel denied Petitioner of due process and equal protections of law by their actions and inactions[?]

The petition for writ of certiorari was denied by order of the South Carolina Supreme Court dated August 17, 2005.

---

[2]Johnson v. State, 294 S.C. 310, 364 S.E2d 201 (1988).

**Grounds for Relief**

In his present petition, Williams asserts that he is entitled to a writ of habeas corpus on the following grounds:

>Ground One:   Counsel's ineffective assistance for coercing petitioner to plead guilty on the appearance that he would receive probation;
>
>Ground Two:   Defective indictment;
>
>Ground Three: Ineffective assistance of counsel on appeal/PCR;
>
>Ground Four:  Petitioner was not given a preliminary hearing.

**Discussion**

Since Williams filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this

3

court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases …. A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

1.   Ineffective Assistance of Counsel

Williams asserts that Varner was ineffective because he gave him incorrect advice as to what sentence he would receive.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error.

4

If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000).

5

("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

A criminal defendant must be informed of the direct consequences of his plea. Misinformation as to the direct consequences of a plea renders the plea involuntary. Manley v. U.S., 588 F.2d 79 (4th Cir. 1978) (erroneous statement of court as to maximum possible punishment). Neither the court nor defense counsel is obligated to advise a defendant as to the collateral consequences of a plea. Strader v. Garrison, 611 F.2d 61 (4th Cir. 1979) (parole eligibility is a collateral consequence of a plea). "The distinction between 'direct' and 'collateral'

6

consequences of a plea…turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." <u>Cuthrell v. Director, Patuxent Institution</u>, 475 F.2d 1364, 1366 (4th Cir. 1973).

The record reflects that the trial judge advised Williams of the maximum sentence for the plea offense, and Williams acknowledged that he had not been promised a specific sentence. (App. 4-5). At the PCR hearing, Varner testified that he fully advised Williams as to the range of sentence. While no promise was made, Varner advised Williams that there "was a very good possibility of getting probation." (App. 36-37). Varner testified that he was "shocked" at the sentence imposed. (App. 38). Williams testified that he also was shocked by the sentence as he was expecting probation. However, Williams conceded that Varner advised him that the maximum sentence was twenty years imprisonment, that Varner "didn't make no promises," but "it would be up to the judge" and "the most I'd probably get out of it would be five years probation." (App. 43).

Based on this record, the PCR court found that Varner was not ineffective under the <u>Strickland</u> test. (App. 51-52). The record clearly shows, and Williams agrees, that Varner and the trial court correctly advised him of the direct consequences of his plea, i.e., the maximum sentence. Even though Varner offered a possibility of probation, which of course was an option available to the court, Varner never promised Williams that outcome.

2.     Defective Indictment

Williams asserts that the indictment to which he pled was defective because the Solicitor failed to file it with the Clerk of Court. Respondents construe this as a claim that the trial court lacked jurisdiction based on an alleged violation of state procedure.

7

The due process clause of the United States Constitution requires only that a defendant be given sufficient notice of the charges prior to trial. <u>Cole v. Arkansas</u>, 333 U.S. 196 (1948). It does not require a formal arraignment. It is clear that the requirement of Grand Jury indictment contained in the Fifth Amendment to the United States Constitution does not apply to the states. <u>Wilson v. Lindler</u>, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1131 (1994) and <u>U.S. v. Floresca</u>, 38 F.3d 706, 709 n.5 (4th Cir. 1994). This rule allows states to prosecute felony cases by information as opposed to grand jury indictment. <u>Hurtado v. California</u>, 110 U.S. 516, 538 (1884); <u>Wilkerson v. Whitley</u>, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and <u>Minner v. Kerby</u>, 30 F.3d 1311, 1317-18 (10th Cir. 1994). Under South Carolina law, "(t)he indictment is a notice document." <u>State v. Gentry</u>, 610 S.E.2d 494, 500 (W.C. 2005) (drawing a distinction between sufficiency of indictment and subject matter jurisdiction).

The criminal jurisdiction of the Circuit Courts in South Carolina is established by Article V, § 11 of the South Carolina Constitution ("The Circuit Court shall be a general trial court with original jurisdiction in …criminal cases"). Subject matter jurisdiction is the authority of a court to hear and determine cases of the general class to which the proceedings in question belong. <u>Dove v. Gold Kist, Inc.</u>, 442 S.E.2d 598 (S.C. 1994) and <u>State v. Gentry</u>, 610 S.E.2d 494, 498 (S.C. 2005). The Circuit Court gains subject matter jurisdiction in a criminal case in one of three ways: "(1) the grand jury true bills an indictment which sufficiently states the offense; (2) the defendant waives presentment in writing; or (3) the offense is a lesser included offense of a crime adequately charged in a true bill of indictment." <u>State v. Gonzales</u>, 600 S.E.2d 122, 124 (Ct. App. 2004).

A court's jurisdiction over the subject matter of a proceeding before it is fundamental. A party may raise lack of subject matter jurisdiction at any time, including on appeal for the first time. Further, the court may raise the issue *sua sponte*. Lack of subject matter jurisdiction may not be waived by the parties. Brown v. State, 540 S.E.2d 846 (S.C. 2001). The acts of a court which lacks subject matter jurisdiction are void. State v. Funderburk, 191 S.E.2d 250 (S.C. 1972).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. See Pulley v. Harris, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

Williams asserts that the failure to file his indictment with the Clerk of Court violates Rule 3(c) of the South Carolina Rules of Criminal Procedure (Roseboro Response, p. 8). Even if this is so, it does not entitle him to relief in this court.

    3.        Ineffective Relief of PCR Counsel

Williams asserts that his PCR counsel and his PCR appeal counsel were ineffective because they failed to raise all of the issues available. The Sixth Amendment guarantees a defendant the right to effective assistance of counsel at trial and on direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). The Sixth Amendment does not create a right to counsel

9

in a state PCR proceeding nor on any appeal from the denial of a PCR application. <u>Coleman v. Thompson</u>, 401 U.S. 722, 752 (1991). Consequently, a petitioner in this court cannot claim that his PCR counsel or his counsel on appeal from the denial of his PCR was ineffective. <u>Wise v. Williams</u>, 982 F.2d 142, 144 (4th Cir. 1992). Further, a state's decision to appoint counsel for prisoners who file PCR applications and for a subsequent appeal does not implicate the Fourteenth Amendment. <u>Smith v. Angelone</u>, 111 F.3d 1126 (4th Cir. 1997). This claim is barred by 28 U.S.C. § 2254(i).

    4.    Denial of Preliminary Hearing

Williams asserts his rights were violated because he did not have a preliminary hearing. There is no constitutional right to a preliminary hearing prior to a state prosecution. <u>Beck v. Washington</u>, 369 U.S. 541 (1962). Therefore, Williams asserts only a violation of state law or procedure which is not cognizable in this court.

    5.    Motion to Proceed *In Forma Pauperis* ("IFP") on Interlocutory Appeal

On January 30, 2006, Williams filed a motion for extension of time in which to file his response to respondents' motion for summary judgment. Before the undersigned ruled on the motion, Williams filed his response. On March 6, 2006, the undersigned ruled that the motion to extend time was moot because Williams had filed his response on February 23, 2006.

Williams apparently construed this ruling to mean that his response was untimely and would not be considered. In fact, the opposite is true and the <u>Roseboro</u> response has been fully considered in preparing this Report and Recommendation. Based on this misinterpretation, Williams filed an "Interlocutory Application Notice of Appeal" on March 14, 2006.[3] Williams

---

[3]The Interlocutory Appeal has been forwarded to the Fourth Circuit Court of Appeals.

filed a motion to proceed IFP on May 1, 2006. It is recommended that Williams' motion to proceed IFP be granted.

### Conclusion

Based on a review of the record, it is recommended that respondents' motion for summary judgment be granted, and the petition for writ of habeas corpus be dismissed without an evidentiary hearing. It is further recommended that petitioner's motion to proceed *in forma pauperis* on his interlocutory appeal be granted.

Respectfully submitted,



Joseph R. McCrorey
United States Magistrate Judge

May 30, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

11

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
