UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Edward Williams, #283356 | |
| Petitioner, | C/A No. 3:05-3082--GRA-JRM |
| v. | |
| Tim Riley, Warden, and Henry McMaster, Attorney General of the State of South Carolina, | <u>ORDER</u> |
| Respondents. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on May 30, 2006. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on October 25, 2005. Respondents filed a motion for summary judgment on January 18, 2006. On January 23, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The Petitioner responded on February 23, 2006. The magistrate recommends granting Respondents' motion for summary judgment and dismissing the petition for writ of habeas corpus without an evidentiary hearing. The magistrate further recommends that petitioner's motion to proceed *in forma pauperis* be granted.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed an objection on June 19, 2006.

The Petitioner does not state a specific objection to the magistrate's Report and Recommendation. He merely restates and reargues the issues that were set forth in his complaint and response in opposition to summary judgment. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time. Therefore the objections lack the specificity to trigger *de novo* review and will not be addressed.

Further Petitioner also filed on May 1, 2006 a motion to proceed *in forma pauperis* on his interlocutory appeal. The magistrate recommends granting the motion.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment be GRANTED and the petition for writ of habeas corpus be DISMISSED without an evidentiary hearing.

IT IS FURTHER ORDERED that Petitioner's motion to proceed *in forma pauperis* on his interlocutory appeal be GRANTED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June 22, 2006.

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.